UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NATIONAL RETIREMENT FUND,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>L. F. N. RESTAURANT, INC. d/b/a NANNI'S RESTAURANT and JOHN DOES 1-10 (all other trades or businesses under common control with L. F. N. RESTAURANT, INC.),<br>　　　　　　　　　Defendants. | **COMPLAINT** |

Plaintiffs, by their attorneys David C. Sapp, Esq. and Jennifer Oh, Esq., complaining of Defendants L. F. N. Restaurant, Inc. d/b/a Nanni's Restaurant ("Nanni's") and John Does 1-10 (all other trades or businesses under common control with Nanni's), respectfully allege as follows:

### NATURE OF ACTION

1.　　This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon Defendant Nanni's by Section 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. § 1145, and to compel Defendants to pay withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of ERISA, 29 U.S.C. §§ 1381 through 1405 and 1451.

### JURISDICTION

2.　　The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f) and §§ 1451(a), (b) and (c).

## VENUE

3.      Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), and 28 U.S.C. § 1391(b).

## THE PARTIES

4.      Plaintiff National Retirement Fund ("Retirement Fund") is established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers.  As such, it is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2).  The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Retirement Fund.  As such, the Retirement Fund is a "multiemployer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

5.      The Retirement Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).  The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6.      Plaintiff Trustees of the Retirement Fund exercise discretionary authority, control and responsibility with respect to management and administration of the Retirement Fund and Plan and disposition of Retirement Fund assets.  As such, Plaintiff Trustees of the Retirement Fund are fiduciaries with respect to the Plan, within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Retirement Fund maintains its principal administrative offices and the Plan is administered at

2

333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

7.     Upon information and belief, at all relevant times herein, Defendant Nanni's is a New York corporation having or having had its principal place of business at 146 East 46th Street, New York, New York 10017.

8.     UNITE HERE Local 100 (the "Union") is an unincorporated "employee organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4).  Upon information and belief, at all times material hereto, Defendant Nanni's was a party to a collective bargaining agreement with the Union ("Bargaining Agreement"), which obligated Defendant to make contributions and remit pension contribution reconciliation reports ("Reports") to the Retirement Fund.  As such, Defendant is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).  Upon information and belief, employee benefit fund contributions and Reports to the Retirement Fund were and are due to be paid by Defendant Nanni's.

9.     Upon information and belief, Defendants John Does 1-10 (all other trades or businesses under common control with Nanni's) are "trades or businesses under common control" with Defendant Nanni's pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414(c) of the Internal Revenue Code of 1986, *as amended*, and the regulations promulgated thereunder.

## AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF
## TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT NANNI'S

10.     Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "9" of this Complaint with the same force and effect as if set forth at length herein.

11.     Upon information and belief, contributions to the Retirement Fund from Defendant Nanni's as required by the Bargaining Agreement for the months of March 2015 through and including January 2016 in the principal amount of $20,058.52 have not been made and are now due and owing.  By reason thereof, Defendant Nanni's is liable to Plaintiff Retirement Fund in the principal amount of $20,058.52 for the period stated.

12.     Plaintiff Retirement Fund is entitled to collect interest on the outstanding delinquent contributions from Defendant Nanni's calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

13.     Plaintiff Retirement Fund is entitled to collect liquidated damages, attorneys' fees and costs from Defendant Nanni's pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

### AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT NANNI's

14.     Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "13" of this Complaint with the same force and effect as if set forth at length herein.

15.     The Agreement and Declaration of Trust ("Trust Agreement") of the Retirement Fund provides that, "An Employer is deemed to have accepted and become bound by this Agreement and Declaration of Trust and any subsequent amendments thereto by contributing to or having an obligation to contribute to the Fund."  As Defendant Nanni's has an obligation to contribute to the Retirement Fund and has, in the past, contributed to the Retirement Fund, Defendant Nanni's has accepted and become bound by the Trust Agreement.

16.     The Retirement Fund's Trust Agreement requires Defendant Nanni's to remit monthly Reports to Plaintiff Retirement Fund, which includes the employees' names, Social Security numbers, hours worked, paid hours, unpaid hours, vacation, sick leave, hire

classifications, and such other information as the Trustees of the Retirement Fund may require for its sound and efficient operation and to ensure accurate pension service credits for participants in the Retirement Fund.

17.     Upon information and belief, Reports required for the months of December 2015 and January 2016 have not been remitted to the Retirement Fund by Defendant Nanni's and are now due and owing by Defendant Nanni's to Plaintiff Retirement Fund.  By reason thereof, Plaintiffs are entitled to an Order and Judgment requiring Defendant Nanni's to remit the required Reports to Plaintiff Retirement Fund for the periods stated.

## AS AND FOR A THIRD CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT NANNI'S

18.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "17" of this Complaint with the same force and effect as if set forth at length herein.

19.     Upon information and belief, on or about January 16, 2016, Defendant Nanni's permanently ceased all covered operations under the Plan and/or permanently ceased to have an obligation to contribute to the Retirement Fund, thereby completely withdrawing from the Plan within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

20.     As a result of its complete withdrawal from the Plan, Defendant Nanni's became liable to the Retirement Fund for withdrawal liability in the principal amount of $1,554,225.00, pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

21.     After determining the amount of withdrawal liability owing to the Retirement Fund by Defendant Nanni's, on or about April 28, 2016, the Retirement Fund notified Defendant Nanni's of the amount of the withdrawal liability and of the schedule for withdrawal liability payments and demanded payment in accordance with the schedule ("Notice and Demand"), as

required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1). A true copy of the April 28, 2016 Notice and Demand letter is annexed hereto as Exhibit "A".

22.     Pursuant to Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), and as provided in the Notice and Demand, Defendant Nanni's was required to make eighty (80) quarterly withdrawal liability payments in the amount of $17,592.90 each. The first such quarterly payment was due on or before June 1, 2016.

23.     By letter dated June 3, 2016 the Retirement Fund notified Defendant Nanni's that it had failed to make the first quarterly withdrawal liability payment due on June 1, 2016 and that, if such failure was not cured within sixty (60) days, Defendant Nanni's would be in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5) ("Notice of Overdue Payment"). A true copy of the June 3, 2016 Notice of Overdue Payment is annexed hereto as Exhibit "B".

24.     Upon information and belief, more than sixty (60) days have elapsed since Defendant Nanni's received the Notice of Overdue Payment referenced in paragraph "23". To date, Defendant Nanni's has failed to make any of the withdrawal liability payments due under the Notice of Overdue Payment or make any subsequent quarterly withdrawal liability payments.

25.     By reason of its failure to make the withdrawal liability payment within sixty (60) days of receipt of the Retirement Fund's Notice of Overdue Payment, Defendant Nanni's is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and Plaintiffs are entitled to immediate payment of the total amount of the withdrawal liability due from Defendant Nanni's under the Notice and Demand, plus accrued interest on the total outstanding withdrawal liability from the due date of the first missed quarterly withdrawal

liability payment, from Defendant Nanni's, pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

26.     Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendant Nanni's calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

27.     Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendant Nanni's calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

### AS AND FOR A FOURTH CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANTS JOHN DOES 1-10 (ALL OTHER TRADES OR BUSINESSES UNDER COMMON CONTROL WITH DEFENDANT NANNI'S)

28.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "27" of this Complaint with the same force and effect as if set forth at length herein.

29.     Upon information and belief, Defendant Nanni's and Defendants John Does 1-10 are, and at all relevant times were, trades or businesses under common control, within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414(c) of the Internal Revenue Code of 1986, *as amended*, and regulations published at 29 C.F.R. § 4001.3(a) and 26 C.F.R. §§ 1.414(c)-1 through 1.414(c)-5, in that the same five or fewer persons owned a controlling interest in and were in effective control of Defendant Nanni's and Defendants John Does 1-10.

30.     Pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), as trades or businesses under common control, Defendant Nanni's and Defendants John Does 1-10 are treated as a single employer for all purposes under Title IV of ERISA, including withdrawal liability.  For the foregoing reason, Defendants John Does 1-10 are jointly and severally liable

for the total amount of the withdrawal liability, interest, liquidated damages, and attorneys' fees and costs referenced in paragraphs "20", "22", "25", "26" and "27" herein.

31.     Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

32.     Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## AS AND FOR A FIFTH CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST ALL DEFENDANTS

33.     Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "32" of this Complaint with the same force and effect as if set forth at length herein.

34.     Unless Defendants are restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of their assets, Defendants will have no assets with which to meet their obligation to the Retirement Fund, thereby causing the Retirement Fund and its pension participants and beneficiaries immediate and irreparable loss, damage, and injury for which the Retirement Fund will have no adequate remedy of law.

35.     The Retirement Fund will be subjected to irreparable hardship and injury in the event that Defendants are not immediately restrained and enjoined and the status quo maintained during the pendency of this action.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order and Judgment:

8

a.    Directing Defendant Nanni's to pay to the Retirement Fund contributions for the months of March 2015 through and including January 2016 in the principal amount of $20,058.52; and

b.    Directing Defendant Nanni's to pay to the Retirement Fund interest on the sum set forth in paragraph "(a)" herein, to be computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B); and

c.    Directing Defendant Nanni's to pay to the Retirement Fund liquidated damages on the sum set forth in paragraph "(a)" herein, to be computed at a rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C); and

d.    Directing Defendant Nanni's to remit Reports to the Retirement Fund for the months of December 2015 and January 2016; and

e.    Directing all Defendants be held jointly and severally liable to the Retirement Fund for withdrawal liability in the principal amount of $1,554,225.00; and

f.    Directing all Defendants be held jointly and severally liable to the Retirement Fund for interest on the withdrawal liability set forth in paragraph "(e)" herein, to be computed pursuant to Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1451(b) and the Retirement Fund's rules and regulations; and

g.    Directing all Defendants be held jointly and severally liable to the Retirement Fund for liquidated damages pursuant to Sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C) and 1451(b) and the Retirement Fund's rules and regulations; and

h.    Directing all Defendants be held jointly and severally liable to the Retirement Fund for the reasonable attorneys' fees and costs of this action, pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b); and

9

i.      Directing all Defendants and all of their respective officers, employees, agents, representatives, and all persons acting in concert with Defendants be restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of Defendants' assets, regardless of the amounts, if any, or the nature of the consideration received therefore, during the pendency of this action and permanently; and

j.      Granting such other legal and equitable relief as the Court deems appropriate.

Dated:  September ____, 2016
        White Plains, New York

                              TRUSTEES OF THE NATIONAL
                              RETIREMENT FUND, Plaintiffs

                              By: _____
                                  David C. Sapp (DS 5781)
                                  Jennifer Oh (JO 1201)

                              *Attorneys for Plaintiffs*

                              Alicare, Inc. - Fund Administrator
                              333 Westchester Avenue
                              North Building – 1st Floor
                              White Plains, New York 10604
                              P: (914) 367-5243
                              F: (914) 367-2243
                              joh@amalgamatedlife.com

**EXHIBIT A**

# NATIONAL RETIREMENT FUND

6 Blackstone Valley Place, Suite 302
Lincoln, RI 02865-1112

Phone: 401.334.4155
Fax: 401.334.5133

April 28, 2016

Mr. Vittorio Miriel
184-14 Peck Avenue
Fresh Meadows, NY  11365

Mr. Silvo Sclano
33 Anabella Avenue
Clifton, NJ  07012

RE:  L F N  RESTAURANT, INC., d/b/a Nanni's Restaurant – ER#530630

Gentlemen:

The Board of Trustees of the National Retirement Fund (the "Fund") determined that L F N Restaurant, Inc., d/b/a Nanni's Restaurant, ER#530630 (hereinafter the "Employer") incurred a complete withdrawal from the Fund as of January 16th, 2016.   Accordingly, the Employer is liable to the Fund for withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

This letter supplies a notice of the Employer's liability resulting from a withdrawal from the National Retirement Fund.  The Fund reserves the right to revise this assessment at any time due to new information that may alter the Employer's liability.

Attached is a copy of how the withdrawal liability was determined.  ERISA provides that the amount of the withdrawal liability is to be paid in equal quarterly installments over the number of years necessary to amortize the amount of the liability in level annual payments calculated in accordance with Section 4219(c)(i)(1).

The estimated amount of withdrawal liability allocable to the Employer is $1,554,225.00 payable in eighty (80) quarterly installments of $17,592.90.  Installments should be remitted to this office and made payable to the "National Retirement Fund."  The first installment is due by June11st, 2016.

Please feel free to contact the Fund with any questions.

Very truly yours,


RICHARD N. RUST
Fund Manager

Encl:

Cc:    Ronald E Richman, Esquire
       Frank Sabatini, Esquire
       David Sapp, Esquire
       Jonathan Feldman
RNR/mb

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED & REGULAR MAIL**



# NATIONAL RETIREMENT FUND

6 Blackstone Valley Place, Suite 302, Lincoln, RI 02865          Phone: 401-334-4155 • Fax 401-334-5133

April 22, 2016

**2016 Estimated Withdrawal Liability**
**L.F.N. Restaurant Inc.**
**Former HEREIU Employer Worksheet**

Employer Numbers:    530630

**A.**  Remaining Allocable Portion of 2007 Pool (HEREIU Sub-Pool)

    1. December 31, 2007 amount.................................................................................. $    469,611.51

    2. Portion remaining as of 12/31/2015 = 60% times A.1............................................ $    281,767.00

**B.**  Remaining Allocable Portion of 2008 Pool

    1. Total retirement contributions payable by your firm during plan years 2004 - 2008............................ $    200,350.40

    2. Total retirement contributions received by the Fund during same period for all employers
       reduced by contributions made by employers who withdrew prior to 12/31/2008............................ $    462,442,162.00

    3. which quotient............................................................................................................    .00043324

    4. was then multiplied by the Outstanding Balance of the Fund's Unfunded Vested Benefits as of
       12/31/2008 for all employers not withdrawn as of 12/31/2008............................ $    926,815,395.00

    5. Totaling................................................................................................ $    401,533.50

    6. Portion remaining as of 12/31/2015 = 65% times B.5............................................ $    260,997.00

**C.**  Remaining Allocable Portion of 2009 Pool

    1. Total retirement contributions payable by your firm during plan years 2005 - 2009............................ $    208,795.85

    2. Total retirement contributions received by the Fund during same period for all employers
       reduced by contributions made by employers who withdrew prior to 12/31/2009............................ $    501,379,595.00

    3. which quotient............................................................................................................    .00041644

    4. was then multiplied by the Outstanding Balance of the Fund's Unfunded Vested Benefits as of
       12/31/2009 for all employers not withdrawn as of 12/31/2009............................ $    36,005,935.00

    5. Totaling................................................................................................ $    14,994.31

    6. Portion remaining as of 12/31/2015 = 70% times C.5............................................ $    10,496.00

Page 2

**D.   Allocable Portion of 2015 Pool**

1. Total retirement contributions payable by your firm during plan years 2011 - 2015............................ $       126,923.85

2. Total retirement contributions received by the Fund during same period for all employers
reduced by contributions made by employers who withdrew prior to 12/31/2015................................ $       517,015,753.00

3. which quotient..........................................................................................................................       .00024356

4. was then multiplied by the estimated Outstanding Balance of the Fund's Unfunded Vested Benefits
as of 12/31/2015 for all employers not withdrawn as of 12/31/2015................................................ $       4,100,000,000.00

5. Totaling.................................................................................................................................... $       998,596.00

**E.   Proportional Share of the unamortized amount of Affected Benefits for plan year ending 12/31/2015**

1. Total retirement contributions payable by your firm during plan years 2011 - 2015............................ $       126,923.85

2. Total retirement contributions received by the Fund during same period for all employers
reduced by contributions made by employers who withdrew prior to 12/31/2015................................ $       517,015,753.00

3. which quotient..........................................................................................................................       .00024356

4. was multiplied by the unamortized amount of Affected Benefits
[reduction of adjustable benefits during 2011] ................................................................................ $       9,727,511.00

5. Totaling.................................................................................................................................... $       2,369.00

**F.   Allocable Share:**

1. [A2 + B6 + C6 + D5 + E5]......................................................................................................... $       1,554,225.00

2. *De minimis* reduction............................................................................................................... $       -

3. 2016 Estimated Withdrawal Liability.......................................................................................... $       1,554,225.00

Employer Contributions:

| Year | Amount |
|------|--------|
| 2004 | 32,483.00 |
| 2005 | 38,531.00 |
| 2006 | 44,491.00 |
| 2007 | 44,365.00 |
| 2008 | 40,380.40 |
| 2009 | 40,928.25 |
| 2010 | 41,830.40 |
| 2011 | 26,130.15 |
| 2012 | 23,416.50 |
| 2013 | 26,835.45 |
| 2014 | 34,642.92 |
| 2015 | 12,898.83 |

# HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND

Withdrawal liability for:
L.F.N. RESTAURANT INC.

Employer # 530630

Initial Method AL
Old Fund # 505

Joined after 1993   N

| Initial Liability | Calc for 601 funds | Sum for 606 funds (see second sheet) |
|---|---|---|
| | Rolling 5-Method | |

| Year | |
|---|---|
| 1986 | $0.00 |
| 1990 | $0.00 |
| 1991 | $0.00 |
| 1992 | $0.00 |
| 1993 | $0.00 |

| | | |
|---|---|---|
| Sum of contributions | $0.00 | |
| All Remaining Est Cont | $43,172,532.00 | |
| UVB at merger | $51,384,800.00 | |
| Employer's Share | $0.00 | $160,697.43 |
| 1st yr attributable UVB | $78,858,054.00 | |
| Adjusted UVB | $39,494,046.00 | |
| Employer's Share | $76,433.43 | |

| Year Dec. 31 | Employer Contributions Payable | (1) Employer 5-year sum of contributions | (2) All Employers 5-year sum of contributions* | (3) Pre-96 Employers 5-year sum of contributions* | (4) All Employers Unamortized Portion | (5) Pre-96 Employers Unamortized Portion | (6) All Employers Reallocated uncollectible amounts | (7) Pre-96 Employers Reallocated uncollectible amounts | Allocated (8) = (1)/(2) x ((4) + (6)) + (1)/(3) x ((5) + (7)) |
|---|---|---|---|---|---|---|---|---|---|
| 1991 | $11,538.00 | | | | | | | | |
| 1992 | $10,138.00 | | | | | | | | |
| 1993 | $10,164.00 | | | | | | | | |
| 1994 | $10,208.00 | | | | | | | | |
| 1995 | $11,603.00 | $53,648 | $52,441,428 | $52,384,764 | ($9,496,151) | $8,103,135 | $0 | $125,348 | ($3,333.02) |
| 1996 | $15,003.00 | $55,115 | $55,529,354 | $54,253,073 | ($6,186,927) | $3,903,890 | $0 | $191,547 | ($1,947.71) |
| 1997 | $18,248.00 | $61,227 | $80,258,677 | $57,631,596 | ($7,215,485) | $8,667,245 | $0 | $1,291,348 | $3,196.34 |
| 1998 | $17,906.00 | $88,969 | $88,109,977 | $62,552,707 | ($8,864,409) | $6,949,043 | $0 | $967,493 | $1,977.15 |
| 1999 | $13,709.00 | $72,469 | $78,932,041 | $68,774,990 | ($4,462,016) | $6,871,017 | $0 | $1,535,936 | $4,722.25 |
| 2000 | $19,722.00 | $60,588 | $94,102,944 | $80,131,958 | $108,798 | $24,519,514 | $0 | $1,380,973 | $26,253.00 |
| 2001 | $23,545.00 | $91,130 | $109,435,574 | $80,434,527 | $20,993,653 | $13,497,039 | $0 | $376,621 | $32,067.20 |
| 2002 | $29,297.00 | $104,179 | $125,574,205 | $105,316,957 | $41,256,463 | $17,340,510 | $0 | $1,463,316 | $52,858.54 |
| 2003 | $35,272.00 | $121,545 | $139,416,139 | $116,918,282 | ($6,647,526) | $21,291,976 | $0 | $438,046 | $18,815.88 |
| 2004 | $32,483.00 | $140,319 | $156,199,949 | $131,274,271 | ($113,735) | $22,578,697 | $0 | $1,835,957 | $29,021.23 |
| 2005 | $38,631.00 | $159,228 | $161,363,464 | $133,176,139 | $13,963,790 | $23,182,352 | $0 | $731,870 | $42,521.21 |
| 2006 | $44,491.00 | $180,174 | $179,033,412 | $140,605,533 | $14,906,237 | $26,006,368 | $0 | $3,117,933 | $114,428.55 |
| 2007 | $44,365.00 | $195,242 | $203,712,499 | $156,603,108 | $14,896,072 | $34,334,755 | $5,943,413 | $10,288,327 | $74,884.06 |

Allocated   $390,465.57

* Excludes contributions for those who withdrew in prior years.

| | Liability Allocated | Years since 1996 | Pct Amortized | Allocated |
|---|---|---|---|---|
| Pre-1996 Liability: | $226,131 | 13 | 65% | $79,145.54 |

$469,611.51

CHEIRON

**L.F.N. RESTAURANT INC.**
Pre-Merger computations for 606 plans

**ROLLING 6 FUNDS**
Contributions Column

| | 607 1 | 606 1 | 606 1 | 607 3 | 611 1 | 626 1 | 626 1 | 641 1 | 606 2 | 606 1 | 606 1 | 606 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1962 | $0 | $0 | $0 | | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 1963 | $0 | $0 | $0 | | $0 | $0 | $0 | $0 | $6,068 | $0 | $0 | $0 |
| 1964 | $0 | $0 | $0 | | $0 | $0 | $0 | $0 | $8,201 | $0 | $0 | $0 |
| 1965 | $0 | $0 | $0 | | $0 | $0 | $0 | $0 | $6,004 | $0 | $0 | $0 |
| 1966 | $0 | $0 | $0 | | $0 | $0 | $0 | $0 | $5,250 | $0 | $0 | $0 |
| Sum of contributions | $0 | $0 | $0 | | $0 | $0 | $0 | $0 | $24,143 | $0 | $0 | $0 |
| All Remaining Enr Cont | $1,855,840 | $540,091 | $1,766,776 | | $722,967 | $1,074,857 | $210,824 | $22,790 | $5,780,625 | $1,562,634 | $825,768 | |
| Adjusted UVB at merger | $4,048,819 | $1,960,971 | ($3,816,820) | | ($2,539,685) | $10,751,508 | $2,094,815 | $904,080 | $2,929,059 | $2,952,625 | ($951,685) | |
| Employer's Share | $0 | $0 | $0 | | $0 | $0 | $0 | $0 | $12,218 | $0 | $0 | |
| Interest to 12/31/93 | $0 | $0 | $0 | | $0 | $0 | $0 | $0 | $20,270 | $0 | $0 | |
| Amortization payments | $0 | $0 | $0 | | $0 | $0 | $0 | $0 | $12,543 | $0 | $0 | |
| Pre-Merger Liability | $0 | $0 | $0 | | $0 | $0 | $0 | $0 | $7,726 | $0 | $0 | |

**PRESUMPTIVE FUNDS**
Contributions Column

| | 606 3 | | 606 1 | | 611 1 | | 626 1 | | 642 1 | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Contributions | Rolling 6 | Contributions | Rolling 6 | Unamortized UVB | Allocated | Contributions | | Contributions | |
| 1975 | $0 | $0 | $0 | $0 | $1,369,690 | $0.00 | 1975 | $0 | $0 | |
| 1976 | $0 | $0 | $0 | $0 | ($36,110) | $0.00 | 1976 | $0 | $0 | |
| 1977 | $0 | $0 | $0 | $0 | ($318,772) | $0.00 | 1977 | $0 | $0 | |
| 1978 | $0 | $0 | $0 | $0 | ($2,449,447) | $0.00 | 1978 | $0 | $0 | |
| 1979 | $0 | $0 | $7,229,062 | $0 | ($2,449,447) | $0.00 | 1979 | $0 | $0 | |
| 1980 | $0 | $0 | $7,103,768 | $0 | ($1,131,197) | ($1,006.90) | 1980 | $0 | $0 | |
| 1981 | $0 | $0 | $7,155,200 | $0 | $137,077 | $264.50 | 1981 | $0 | $0 | |
| 1982 | $0 | $0 | $7,185,330 | $0 | ($3,100,210) | ($9,734.86) | 1982 | $0 | $0 | |
| 1983 | $0 | $6,348 | $7,046,455 | $0 | ($488,246) | ($2,118.99) | 1983 | $0 | $0 | |
| 1984 | $6,921 | $13,175 | $6,628,703 | $0 | | | 1984 | $0 | $0 | |
| 1985 | $7,249 | $20,424 | $6,496,288 | $0 | | | 1985 | $0 | $0 | |
| 1986 | $6,118 | $26,542 | $6,118,041 | $0 | | ($12,505.78) | 1986 | $0 | $0 | |

**606 Plan**

| | Contributions | Rolling 6 | All Continuing Ers | Unamortized UVB | Allocated | | All Continuing Ers | Unamortized UVB | Allocated |
|---|---|---|---|---|---|---|---|---|---|
| 1989 | $12,698 | | | | | | $835,368 | ($179,169) | $0.00 |
| 1990 | $12,376 | | | | | | $790,902 | ($72,771) | $0.00 |
| 1991 | $11,530 | | | | | | $700,154 | ($867,325) | $0.00 |
| 1992 | $10,135 | | | | | | $673,330 | ($377,413) | $0.00 |
| 1993 | $10,184 | | | | | | $627,839 | ($113,426) | $0.00 |
| | | | | | | | $586,732 | ($107,478) | $0.00 |
| | | | | | | | $582,007 | ($541,881) | $0.00 |
| | | | | | | | $584,955 | $316,176 | $0.00 |

Pre-Merger computations for 606 plans: $150,698 | $55,910 | $9,277,323 | $25,377,082 | $155,667.03 | | | | $0.00

# NATIONAL RETIREMENT FUND

6 Blackstone Valley Place, Suite 302, Lincoln, RI 02865          Phone: 401-334-4155 • Fax 401-334-5133

April 22, 2016

**Development of Quarterly Payment**
**L.F.N. Restaurant Inc.**
**HEREIU**

Employer Numbers:  530630

| Year | Contribution Base Units | Consecutive Three Year Average |
|------|------------------------|-------------------------------|
| 2006 | 739 | |
| 2007 | 715 | |
| 2008 | 628 | 694.00 |
| 2009 | 615 | 652.67 |
| 2010 | 608 | 617.00 |
| 2011 | 401 | 541.33 |
| 2012 | 291 | 433.33 |
| 2013 | 295 | 329.00 |
| 2014 | 348 | 311.33 |
| 2015 | 200 | 281.00 |

1.)  Maximum Consecutive 3-Year Contribution Base Units Average for ten
years before year in which withdrawal occurs                                    694.00

2.)  Maximum Contribution Rate for previous ten years including year in which
withdrawal occurs *                                                             101.40

3.)  Required Annual Payment: (1) x (2)                                      $70,371.60

4.)  Quarterly Payment: Required Annual Payment / 4                          $17,592.90

\* Contribution rate excludes rehabilitation plan contribution rate increases occuring after December 31, 2014, per the
Mutliemployer Pension Reform Act of 2014.

# NATIONAL RETIREMENT FUND

6 Blackstone Valley Place, Suite 302, Lincoln, RI 02865          Phone: 401-334-4155 • Fax 401-334-5133

### April 22, 2016

#### Amortization Schedule

EMPLOYER:          L. F. N. Restaurant Inc.

|  | AMORTIZATION SCHEDULE | | | |
|---|---|---|---|---|
| ESTIMATED WDL AMOUNT | $ 1,554,225.00 | INTEREST | 2.46% | |
| QLY PAYMENT | $ 17,592.90 | No. of Payments | 80 | |
| PRESENT VALUE OF QUARTERLY PAYMENTS | $ 1,128,280.09 | | | |

| | PYMT DATE | PAYMENT | INTEREST | PRINCIPAL | BALANCE AFTER PAYMENT |
|---|---|---|---|---|---|
| | | | | | 1,128,280.09 |
| 1 | 01-Jun-16 | 17,592.90 | 0.00 | 17,592.90 | 1,110,687.19 |
| 2 | 01-Sep-16 | 17,592.90 | 0.00 | 17,592.90 | 1,093,094.29 |
| 3 | 01-Dec-16 | 17,592.90 | 0.00 | 17,592.90 | 1,075,501.39 |
| 4 | 01-Mar-17 | 17,592.90 | 0.00 | 17,592.90 | 1,057,908.49 |
| 5 | 01-Jun-17 | 17,592.90 | 26,024.55 | -8,431.65 | 1,066,340.14 |
| 6 | 01-Sep-17 | 17,592.90 | 0.00 | 17,592.90 | 1,048,747.24 |
| 7 | 01-Dec-17 | 17,592.90 | 0.00 | 17,592.90 | 1,031,154.34 |
| 8 | 01-Mar-18 | 17,592.90 | 0.00 | 17,592.90 | 1,013,561.44 |
| 9 | 01-Jun-18 | 17,592.90 | 24,933.61 | -7,340.71 | 1,020,902.15 |
| 10 | 01-Sep-18 | 17,592.90 | 0.00 | 17,592.90 | 1,003,309.25 |
| 11 | 01-Dec-18 | 17,592.90 | 0.00 | 17,592.90 | 985,716.35 |
| 12 | 01-Mar-19 | 17,592.90 | 0.00 | 17,592.90 | 968,123.45 |
| 13 | 01-Jun-19 | 17,592.90 | 23,815.84 | -6,222.94 | 974,346.39 |
| 14 | 01-Sep-19 | 17,592.90 | 0.00 | 17,592.90 | 956,753.49 |
| 15 | 01-Dec-19 | 17,592.90 | 0.00 | 17,592.90 | 939,160.59 |
| 16 | 01-Mar-20 | 17,592.90 | 0.00 | 17,592.90 | 921,567.69 |
| 17 | 01-Jun-20 | 17,592.90 | 22,670.57 | -5,077.67 | 926,645.35 |
| 18 | 01-Sep-20 | 17,592.90 | 0.00 | 17,592.90 | 909,052.45 |
| 19 | 01-Dec-20 | 17,592.90 | 0.00 | 17,592.90 | 891,459.55 |
| 20 | 01-Mar-21 | 17,592.90 | 0.00 | 17,592.90 | 873,866.65 |
| 21 | 01-Jun-21 | 17,592.90 | 21,497.12 | -3,904.22 | 877,770.87 |
| 22 | 01-Sep-21 | 17,592.90 | 0.00 | 17,592.90 | 860,177.97 |
| 23 | 01-Dec-21 | 17,592.90 | 0.00 | 17,592.90 | 842,585.07 |
| 24 | 01-Mar-22 | 17,592.90 | 0.00 | 17,592.90 | 824,992.17 |
| 25 | 01-Jun-22 | 17,592.90 | 20,294.81 | -2,701.91 | 827,694.08 |
| 26 | 01-Sep-22 | 17,592.90 | 0.00 | 17,592.90 | 810,101.18 |
| 27 | 01-Dec-22 | 17,592.90 | 0.00 | 17,592.90 | 792,508.28 |
| 28 | 01-Mar-23 | 17,592.90 | 0.00 | 17,592.90 | 774,915.38 |
| 29 | 01-Jun-23 | 17,592.90 | 19,062.92 | -1,470.02 | 776,385.40 |
| 30 | 01-Sep-23 | 17,592.90 | 0.00 | 17,592.90 | 758,792.50 |
| 31 | 01-Dec-23 | 17,592.90 | 0.00 | 17,592.90 | 741,199.60 |
| 32 | 01-Mar-24 | 17,592.90 | 0.00 | 17,592.90 | 723,606.70 |
| 33 | 01-Jun-24 | 17,592.90 | 17,800.72 | -207.82 | 723,814.53 |
| 34 | 01-Sep-24 | 17,592.90 | 0.00 | 17,592.90 | 706,221.63 |
| 35 | 01-Dec-24 | 17,592.90 | 0.00 | 17,592.90 | 688,628.73 |
| 36 | 01-Mar-25 | 17,592.90 | 0.00 | 17,592.90 | 671,035.83 |
| 37 | 01-Jun-25 | 17,592.90 | 16,507.48 | 1,085.42 | 669,950.41 |
| 38 | 01-Sep-25 | 17,592.90 | 0.00 | 17,592.90 | 652,357.51 |
| 39 | 01-Dec-25 | 17,592.90 | 0.00 | 17,592.90 | 634,764.61 |
| 40 | 01-Mar-26 | 17,592.90 | 0.00 | 17,592.90 | 617,171.71 |

| | PYMT DATE | PAYMENT | INTEREST | PRINCIPAL | BALANCE AFTER PAYMENT |
|---|---|---|---|---|---|
| 41 | 01-Jun-26 | 17,592.90 | 15,182.42 | 2,410.48 | 614,761.23 |
| 42 | 01-Sep-26 | 17,592.90 | 0.00 | 17,592.90 | 597,168.33 |
| 43 | 01-Dec-26 | 17,592.90 | 0.00 | 17,592.90 | 579,575.43 |
| 44 | 01-Mar-27 | 17,592.90 | 0.00 | 17,592.90 | 561,982.53 |
| 45 | 01-Jun-27 | 17,592.90 | 13,824.77 | 3,768.13 | 558,214.40 |
| 46 | 01-Sep-27 | 17,592.90 | 0.00 | 17,592.90 | 540,621.50 |
| 47 | 01-Dec-27 | 17,592.90 | 0.00 | 17,592.90 | 523,028.60 |
| 48 | 01-Mar-28 | 17,592.90 | 0.00 | 17,592.90 | 505,435.70 |
| 49 | 01-Jun-28 | 17,592.90 | 12,433.72 | 5,159.18 | 500,276.52 |
| 50 | 01-Sep-28 | 17,592.90 | 0.00 | 17,592.90 | 482,683.62 |
| 51 | 01-Dec-28 | 17,592.90 | 0.00 | 17,592.90 | 465,090.72 |
| 52 | 01-Mar-29 | 17,592.90 | 0.00 | 17,592.90 | 447,497.82 |
| 53 | 01-Jun-29 | 17,592.90 | 11,008.45 | 6,584.45 | 440,913.37 |
| 54 | 01-Sep-29 | 17,592.90 | 0.00 | 17,592.90 | 423,320.47 |
| 55 | 01-Dec-29 | 17,592.90 | 0.00 | 17,592.90 | 405,727.57 |
| 56 | 01-Mar-30 | 17,592.90 | 0.00 | 17,592.90 | 388,134.67 |
| 57 | 01-Jun-30 | 17,592.90 | 9,548.11 | 8,044.79 | 380,089.88 |
| 58 | 01-Sep-30 | 17,592.90 | 0.00 | 17,592.90 | 362,496.98 |
| 59 | 01-Dec-30 | 17,592.90 | 0.00 | 17,592.90 | 344,904.08 |
| 60 | 01-Mar-31 | 17,592.90 | 0.00 | 17,592.90 | 327,311.18 |
| 61 | 01-Jun-31 | 17,592.90 | 8,051.85 | 9,541.05 | 317,770.13 |
| 62 | 01-Sep-31 | 17,592.90 | 0.00 | 17,592.90 | 300,177.23 |
| 63 | 01-Dec-31 | 17,592.90 | 0.00 | 17,592.90 | 282,584.33 |
| 64 | 01-Mar-32 | 17,592.90 | 0.00 | 17,592.90 | 264,991.43 |
| 65 | 01-Jun-32 | 17,592.90 | 6,518.79 | 11,074.11 | 253,917.32 |
| 66 | 01-Sep-32 | 17,592.90 | 0.00 | 17,592.90 | 236,324.42 |
| 67 | 01-Dec-32 | 17,592.90 | 0.00 | 17,592.90 | 218,731.52 |
| 68 | 01-Mar-33 | 17,592.90 | 0.00 | 17,592.90 | 201,138.62 |
| 69 | 01-Jun-33 | 17,592.90 | 4,948.01 | 12,644.89 | 188,493.73 |
| 70 | 01-Sep-33 | 17,592.90 | 0.00 | 17,592.90 | 170,900.83 |
| 71 | 01-Dec-33 | 17,592.90 | 0.00 | 17,592.90 | 153,307.93 |
| 72 | 01-Mar-34 | 17,592.90 | 0.00 | 17,592.90 | 135,715.03 |
| 73 | 01-Jun-34 | 17,592.90 | 3,338.59 | 14,254.31 | 121,460.72 |
| 74 | 01-Sep-34 | 17,592.90 | 0.00 | 17,592.90 | 103,867.82 |
| 75 | 01-Dec-34 | 17,592.90 | 0.00 | 17,592.90 | 86,274.92 |
| 76 | 01-Mar-35 | 17,592.90 | 0.00 | 17,592.90 | 68,682.02 |
| 77 | 01-Jun-35 | 17,592.90 | 1,689.58 | 15,903.32 | 52,778.70 |
| 78 | 01-Sep-35 | 17,592.90 | 0.00 | 17,592.90 | 35,185.80 |
| 79 | 01-Dec-35 | 17,592.90 | 0.00 | 17,592.90 | 17,592.90 |
| 80 | 01-Mar-36 | 17,592.90 | 0.00 | 17,592.90 | 0.00 |

# EXHIBIT B

# NATIONAL RETIREMENT FUND

6 Blackstone Valley Place, Suite 302
Lincoln, RI 02865-1112

Phone: 401.334.4155
Fax: 401.334.5133

June 3, 2016

Mr. Vittorio Miriel
184 – 14 Peck Avenue
Fresh Meadows, NY  11365

Mr. Silvo Sciano
33 Anabella Avenue
Clifton, NJ  07012

RE:  L F N RESTAURANT, INC., d/b/a Nanni's Restaurant – ER#530630

Gentlemen:

The National Retirement Fund informed you by demand letter of the withdrawal liability incurred by L F N Restaurant, Inc., d/b/a Nanni's Restaurant, ER#530630 by virtue of the Multiemployer Pension Plan Amendments Act of 1980.

The Fund has not received the withdrawal liability payments due on June 1st, 2016.  The amount due of $17,592.90 is now accumulating interest on a daily basis until payment is received.

Please be advised that if we do not receive payment within sixty (60) days of receipt of this letter, subject to 29 C.F.R. § 4219.31, L F N Restaurant, Inc., d/b/a Nanni's Restaurant will be in default.  If default occurs, L F N Restaurant, Inc., d/b/a Nanni's Restaurant will be liable for payment of the withdrawal liability in full plus interest in accordance with the provisions of the Multiemployer Pension Plan Amendments Act of 1980.

Upon receipt of this check, we will advise you of the interest due.

Very truly yours,



RICHARD N. RUST
Fund Manager

Cc:   Frank Sabatini, Esquire
      David Sapp, Esquire

RNR/mb
CERTIFIED MAIL/RETURN RECEIPT REQUESTED

